IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| IAT INSURANCE COMPANY AS SUBROGEE OF SIMON LANDRY<br><br>PLAINTIFF,<br><br>v.<br><br>PRIME WIRE AND CABLE, INC., WALMART INC., AND WALMART APOLLO, LLC<br><br>DEFENDANTS. | § § § § § § § § § § § § | CIVIL ACTION NO. _____<br><br>DEFENDANT DEMANDS A JURY |

### DEFENDANT WALMART INC.'S NOTICE OF REMOVAL

WALMART INC. ("Defendant") files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1332.

**I.
INTRODUCTION**

1. Pursuant to 28 U.S.C. § 1441, et seq., this civil action is removed from the 149th Judicial District Court, where this matter was pending under Cause No. 123179-CV, in a matter styled *IAT Insurance Company as Subrogee of Simon Landry vs. Prime Wire and Cable, Inc., Walmart, Inc., and Walmart Apollo, LLC* (the "State Court Action").

**II.
RELEVANT FACTS**

2. Plaintiff, IAT Insurance Company (hereinafter "Plaintiff"), claims rights as a subrogee under a homeowner's insurance policy it issued to Simon Landry. Plaintiff alleges that on January 4, 2022, an extension cord located in Simon Landry's home in Brazoria County, Texas failed, resulting in a fire that damaged the home and its contents. *See* Pl.'s Orig. Pet. (Ex. A) at ¶

8. Plaintiff alleges that this extension cord was designed, manufactured, and marketed by Defendant Prime Wire and Cable, Inc., and sold by Defendants Walmart Inc. and Walmart Apollo, LLC. *See id.* Plaintiff asserts claims of negligence, strict liability, breach of implied warranty, misrepresentation, and respondeat superior against Defendants. *See id.* at ¶ 12-27. Plaintiff's lawsuit expressly seeks damages in a sum between $250,000.00 and $1,000,000.00. *See id.* at ¶ 7.

### III.
### TIMELINESS OF REMOVAL

3. Plaintiff commenced this lawsuit by filing its Original Petition on June 1, 2023. Defendant Walmart Inc. accepted service on June 13, 2023, through its agent, CT Corporation System.

4. Defendant Walmart Inc. now timely files this Notice of Removal within 30 days after it was served with Plaintiff's lawsuit. 28 U.S.C. § 1446.

### IV.
### BASIS FOR REMOVAL JURISDICTION

5. Removal is proper under 28 U.S.C. §§ 1441 and 1332 because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Plaintiff states in its Original Petition that it is an insurance company authorized to transact business in Texas. *See* Pl.'s Orig. Pet. (Ex. A) at ¶ 1. On information and belief, Plaintiff IAT Insurance Group, Inc. is a North Carolina corporation with its principal place of business in North Carolina. Thus, for diversity purposes, Plaintiff is a North Carolina citizen.

7. Plaintiff sued Walmart, Inc. At the time Plaintiff filed her lawsuit and at the time Defendant filed this Notice of Removal, Walmart Inc. was a corporation and was incorporated in the State of Delaware under the laws of the State of Delaware. At the time Plaintiff filed its lawsuit and at the time Defendant filed this Notice of Removal, Walmart Inc.'s principal place of business

Case 3:23-cv-00214   Document 1   Filed on 07/10/23 in TXSD   Page 3 of 5

was located in the State of Arkansas. Therefore, at all times relevant to this matter, Walmart Inc. was a citizen of the States of Arkansas and Delaware.

8.  Plaintiff also named Walmart Apollo, LLC as a defendant. Although Walmart Inc. believes that Walmart Apollo LLC was improperly joined to this case (as discussed below), its inclusion would still not prevent removal because Walmart Apollo, LLC is also diverse from Plaintiff. At the time Plaintiff filed her lawsuit and at the time Defendant filed this Notice of Removal, Walmart Apollo, LLC was a Delaware Limited Liability Company with its principal place of business in Arkansas.

9.  Defendant Prime Wire and Cable, Inc. is a foreign corporation and was incorporated in the State of California under the laws of the State of California. At the time Plaintiff filed its lawsuit and at the time Defendant filed this Notice of Removal, Prime Wire and Cable, Inc.'s principal place of business was located in California. Therefore, at all times relevant to this matter, Prime Wire and Cable, Inc. was a citizen of the State of California. Furthermore, at the time of the filing of this Notice of Removal, Defendant Prime Wire and Cable, Inc. has not been served with process in the State Court Action.

10. Thus, this lawsuit is between citizens of different states, and there is complete diversity of citizenship between Plaintiff and Defendants pursuant to 28 U.S.C. § 1332.

11. Plaintiff's lawsuit expressly seeks damages between $250,000.00 and $1,000,000.00. *See id.* at ¶ 7. Thus, based on all information currently known by or available to Defendant, Plaintiff's pleadings admit that the amount in controversy exceeds the jurisdictional minimum for removal to this Court.

Defendant's Notice of Removal                                                                                                   Page **3** of **5**

## V.
## THIS NOTICE IS PROCEDURALLY CORRECT

12. Based on the aforementioned facts, the State Court Action may be removed to this Court by Defendant in accordance with the provisions of 28 U.S.C. § 1441(a) because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Southern District of Texas; (ii) this action is between citizens of different states; and (iii) the amount in controversy exceeds $75,000.00, exclusive of interest and costs as specifically plead in the Petition.

13. Defendant is also filing with the Notice of Removal a completed Civil Cover Sheet and Supplement Civil Cover Sheet.

14. Defendant retains the right to supplement the jurisdictional allegations by affidavit, declaration or otherwise, should Plaintiff challenge the allegations in a motion to remand or other filing.

15. In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to all parties and to the Clerk of the 149th Judicial District, where this matter was pending under Cause No. 123179-CV, in a matter styled *IAT Insurance Company as Subrogee of Simon Landry vs. Prime Wire and Cable, Inc., Walmart, Inc., and Walmart Apollo, LLC*.

16. A jury trial has been demanded in the State Court Action by Defendant.

17. Trial has not commenced in the 149th Judicial District Court.

## VI.
## CONCLUSION

18. Since diversity jurisdiction exists over Plaintiff's claim as set forth in Plaintiff's Original Petition, Defendant desires and is entitled to remove the lawsuit filed in the 149th Judicial

District Court, to the United States District Court for the Southern District of Texas, Galveston Division.

**WHEREFORE,** Defendant Walmart, Inc. files this Notice of Removal pursuant to and in conformance with the statutory requirements, and removes this action from the 149th Judicial District Court.

>Respectfully submitted,
>
>**BUSH & RAMIREZ, PLLC**
>
>*/s/ John A. Ramirez*
>John A. Ramirez
>State Bar No. 00798450
>Federal ID No. 21280
>5615 Kirby Drive, Suite 900
>Houston, Texas 77005
>Telephone: (713) 626-1555
>Facsimile: (713) 622-8077
>jramirez.atty@bushramirez.com
>
>**ATTORNEY FOR DEFENDANT,
>WAL-MART INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing instrument has been sent to all interested counsel of record in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on this 10th day of July 2023.

>Jeffrey S. Reddall
>LAW OFFICE OF JEFFREY S. REDDALL, PC
>3 Sugar Creek Center Blvd., Suite 100
>Sugar Land, Texas 77478

>*/s/ John A. Ramirez*
>John A. Ramirez