UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| **Safeport Insurance Company as Subrogee of Simon Landry** § § § § § § § | |
| | CIVIL ACTION NO. 3:23-cv-00214 |
| **v.** | |
| **Prime Wire and Cable, Inc., et al** | |

**PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT**

**TO THE JUDGE OF THIS HONORABLE COURT:**

**COMES NOW**, Plaintiff, **SAFEPORT INSURANCE COMPANY AS SUBROGEE OF SIMON LANDRY**, and files this its Plaintiff's First Amended Original Complaint complaining of Defendants, **PRIME WIRE AND CABLE, INC., WALMART, INC., and WALMART APOLLO, LLC**, and in support would show the Court the following:

1.  Plaintiff is an insurance company incorporated in Florida with a principal place of business in North Carolina and is authorized to transact business in Texas.

2.  Defendant, **WALMART, INC.**, is a corporation which has appeared and answered herein and may be served with a copy hereof through its attorney of record.

3.  Defendant, **PRIME WIRE AND CABLE, INC.**, is a foreign corporation which has appeared and answered herein and may be served with a copy hereof through its attorney of record.

4.  Defendant, **WALMART APOLLO, LLC**, is a foreign corporation which has not maintained a registered agent in Texas. Defendant may be served through the Texas Secretary of State. The Secretary of State should be instructed to forward the Petition and citation to Defendant at its home office located at Defendant's home office is located at 702 SW 8th Street, Bentonville, AR 72716.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), because there is complete diversity of citizenship, in that the plaintiffs and defendants are citizens of different States and the amount in controversy exceeds, exclusive of interest and costs, the sum of $75,000.

6. This Court has personal jurisdiction over both defendants, because they have purposefully availed themselves of the privileges and benefits of conducting business activities in Texas by placing their products, which are the subject of this suit, into the stream of commerce with the knowledge that they would be used in Texas and by being authorized to conduct business in the State of Texas.

7. Venue is proper in this Court pursuant to 28 U.S.C. 1391(b) (2), because the event giving rise to this suit occurred in this judicial district.

## FACTS AND STATEMENT OF CLAIM

8. Plaintiff would show that on or about January 4, 2022, an extension cord located at the home owned by Simon Landry failed, resulting in a fire in the home causing extensive damages to the home and contents. At the time of the fire, the extension cord was partially wrapped around an extension cord reel. (the extension cord and extension cord reel will be referred to as the "Product"). Plaintiff would further show that upon information and belief, the Product was designed, manufactured and marketed by Defendant, **PRIME WIRE AND CABLE, INC.** and sold by Defendant, **WALMART, INC.**

9. Plaintiff would further show that upon information and belief, the Product was designed, manufactured and marketed by Defendants, **PRIME WIRE AND CABLE, INC.** and sold by Defendant, **WALMART, INC and WALMART APOLLO, LLC.**

10.     This cause of action arises from the design, manufacturing and marketing defects of the Product, which was designed, manufactured and marketed by Defendants, **PRIME WIRE AND CABLE, INC.** and sold by Defendant, **WALMART, INC and WALMART APOLLO, LLC.**  At all times mentioned herein, Defendants, **PRIME WIRE AND CABLE, INC.**, **WALMART, INC and WALMART APOLLO, LLC** were engaged in the business of designing, manufacturing, selling, distributing and marketing the Product to the general public, throughout the United States, as well as within the State of Texas, through duly appointed dealers.

11.     Defendants, **PRIME WIRE AND CABLE, INC.**, **WALMART, INC and WALMART APOLLO, LLC**, designed, manufactured and placed into the stream of commerce the Product, which reached its owner in the same or substantially the same condition in which they were manufactured and sold.  When purchased the Product was represented to be safe and free from latent defects.  However, the Product was defectively designed, sold, and marketed by Defendants, **PRIME WIRE AND CABLE, INC.**, **WALMART, INC and WALMART APOLLO, LLC,** and were inherently dangerous as designed, manufactured and marketed by Defendants, **PRIME WIRE AND CABLE, INC.**, **WALMART, INC and WALMART APOLLO, LLC.**

12.     The Product was defective in the following manner:

    a.      Failing to be capable of transferring electricity through the extension cord without failing and causing catastrophic injuries to Plaintiff and its insured;

    b.      Failing to properly warn that the entire extension cord should be removed from the reel before being utilized;

c.  Failing to properly warn that utilizing the extension cord without removing it entirely from the reel could cause it to overheat, fail, cause a fire, and cause catastrophic injuries;

d.  Representing that the extension cord can be utilized while still on the reel without fear if any dangers associated with overheating, failure, potential for fire or catastrophic failure;

e.  Failing to place warnings on the plastic reel that is part of the Product;

f.  Failing to provide adequate warnings about the proper and safe utilization of the Product for consumers.

13. As a direct and proximate result of the fire, Plaintiff incurred significant damages.

## **NEGLIGENCE**

14. Plaintiff incorporates by reference the averments of paragraphs one (1) through tjhirteen (13) as if each were fully. set forth at length herein.

15. Defendants, **PRIME WIRE AND CABLE, INC.**, **WALMART, INC and WALMART APOLLO, LLC**, were negligent in the Product's design, manufacture, inspection, and distribution of the Product.  The Defendants also failed to provide adequate instructions and warnings to the users of their Product.

16. Defendants', **PRIME WIRE AND CABLE, INC.**, **WALMART, INC and WALMART APOLLO, LLC**, negligent design, manufacture, distribution and inspection of the Product, as well as their failure to provide adequate instructions and warnings to the users of their products,  proximately caused the loss in question and subsequent additional damages, costs and expenses incurred by Plaintiff, which exceed the minimum jurisdictional limits of this Court.

17.     Nothing Plaintiff, nor its insured, did or failed to do contributed in any way to the damages alleged herein.

## STRICT LIABILITY

18.     Plaintiff incorporates by reference the averments of paragraphs one (1) through seventeen (17) above as if each were fully incorporated herein at length.

19.     Prior to the date of the loss in question, Defendants, **PRIME WIRE AND CABLE, INC.**, **WALMART, INC** and **WALMART APOLLO, LLC**, designed, manufactured, distributed, and/or sold the Product in question, which were defective. The Product was defective, unsafe and unreasonably dangerous as designed, manufactured, distributed, and/or sold for its foreseeable uses. The Product was expected to and did reach consumers, including Plaintiff's insured, without substantial change in the condition in which it was sold.

20.     Further, Defendants, **PRIME WIRE AND CABLE, INC.**, **WALMART, INC** and **WALMART APOLLO, LLC**, failed to warn Plaintiff's insured of the defects and/or unreasonably dangerous condition of the Product.

21.     Defendants', **PRIME WIRE AND CABLE, INC.**, **WALMART, INC** and **WALMART APOLLO, LLC**, design, manufacture, distribution, and/or sale of the defective and unreasonably dangerous products proximately caused the loss in question and the other damages.

## BREACH OF IMPLIED WARRANTY

22.     Plaintiff incorporates by reference paragraphs one (1) through twenty-one (21) above as if each were fully set forth at length herein.

23. At all relevant times, Defendants, **PRIME WIRE AND CABLE, INC.**, **WALMART, INC and WALMART APOLLO, LLC**, impliedly warranted and/or agreed as follows:

   A. Defendants impliedly warranted and/or agreed that their Product would perform in a good and workmanlike manner;

   B. Defendants impliedly warranted their Product would be suitable for its intended purposes;

   C. Defendants impliedly warranted that the materials used in the manufacture of the Product would be the best of their respective kind and/or would comply with applicable specifications and/or standards.

24. Defendants, **PRIME WIRE AND CABLE, INC.**, **WALMART, INC and WALMART APOLLO, LLC**, breached these implied warranties.

25. As a direct and proximate result of Defendants, **PRIME WIRE AND CABLE, INC.**, **WALMART, INC and WALMART APOLLO, LLC**, breach of implied warranties, Plaintiff has suffered, and continue to suffer, damages in excess of the minimum jurisdictional requirements of this Court.

## **MISREPRESENTATION**

26. Plaintiff incorporates by reference paragraphs one (1) through twenty-five (25) above as if each were fully set forth at length herein.

27. Defendants, **PRIME WIRE AND CABLE, INC.**, **WALMART, INC and WALMART APOLLO, LLC**, are also strictly liable to Plaintiff under Section 402B of the RESTATEMENT (SECOND) OF TORTS, in misrepresenting to the public that the Product was safe and without defect; which statements and representations were false and involved a material fact concerning the character and quality of the Product in question,

and upon which representations of the Defendants, **PRIME WIRE AND CABLE, INC.**, **WALMART, INC and WALMART APOLLO, LLC**, the consumer constructively relied, and which constituted a producing cause of the occurrence in question.

## RESPONDEAT SUPERIOR

28. Wherever in this petition it is alleged that any Defendant committed any act or omission, it is hereby alleged that an employee, agent, servant or representative of such Defendant committed such conduct while in the course and scope of his employment or, in the alternative that such conduct was subsequently ratified by such Defendant.  Wherever in this petition it is alleged that such Defendant committed any of gross negligence or willful or wanton conduct or fraud, it is hereby alleged that a vice-principal of such Defendant committed such conduct while in the course and scope of his employment or, in the alternative that such conduct was subsequently ratified by Defendant.

29. As a direct and proximate result of the conduct of each Defendant as described herein, Plaintiff suffered damages in an amount within the jurisdictional limits of the court and for which amount Plaintiff alleges a cause of action.

## RESERVATION OF RIGHTS

30. Plaintiff reserves the right to bring additional cause of action against Defendant and/or others, and to amend this Petition, pursuant to the Texas Rules of Civil Procedure.

## DAMAGES

31. Plaintiff, would show that it is interested in the subject matter of this suit by reason of the fact that on or about January 4, 2022, and at all times material to this cause of action, it had in full force and effect a homeowner's Insurance Policy, which policy was issued for valuable consideration to Simon Landry.  Such policy was duly endorsed and provided for

physical damage to the home and contants caused by the incident in question for damages in excess of the deductible amount stated in the declarations thereto.

32. As a result of the acts and omissions of Defendants, as described herein, Plaintiff was called upon to pay and did pay for the damages to the home amnd property owned by Simon Landry in an amount within the jurisdictional limits of the court.

33. As a result of the accident described herein, Plaintiff was called upon to pay, and did pay, under the coverage on the Insurance policy which was in effect at the time of the incident described herein. Plaintiff is subrogated under the terms of the policy to the rights of Simon Landry. Such policy was duly endorsed and provided benefits to Simon Landry for which sum Plaintiff affirmatively alleges a cause of action and prays for judgment against Defendant.

**WHEREFORE**, Plaintiff requests that judgment be entered in its favor and against defendant for the following damages:

a)    Property damage sustained as a result of the loss in question;

b)    Expenses incurred as a result of the loss in question;

c)    costs of court;

d)    pre- and post judgment interest at the highest rate allowed by law, and

f)    for such other and further relief; general or special, at law or in equity, to which Plaintiff may show itself to be justly entitled.

Respectfully submitted,

**LAW OFFICE OF JEFFREY S. REDDALL, P.C.**

By: /s/ Jeffrey S. Reddall
State Bar No. 16659200
3 Sugar Creek Center Blvd., Suite 100
Sugar Land, Texas 77478
Tel:   (281) 242-6010
Fax:   (281) 720-8198
E-mail: jeff@reddall-law.com

**ATTORNEY FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I, Jeffrey S. Reddall, do hereby certify that a true and correct copy of the foregoing instrument has this day been served upon all known counsel of record by electronic service.

Mr. John A. Ramirez
Bush & Ramirez, PLLC
5615 Kirby Dr., Suite 900
Houston, Texas 77005
Tel:   (713) 626-1555
Fax:   (713) 622-8077
E-mail:   jramirez.atty@bushramirez.com

Mr. Troy A. Williams
Germer, PLLC
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
Tel: (713) 650-1313
Fax: (713) 739-7420
E-mail: twilliams@germer.com

SIGNED this 14th day of August, 2023.

/s/ Jeffrey S. Reddall